SPILLMAN *v.* INTERSTATE PUBLIC SERVICE CO.

[No. 27,325. Filed January 15, 1940.]

*Morton C. Embree, William L. Mitchell,* and *Gerald E. Hall,* for appellant.

*Ewing Emison,* and *Daniel H. Ortmeyer,* for appellee.

FANSLER, J.—The appellant leased a building to the appellee. The lease was written and was prepared by the appellant. It provided for a tenure of five years, with the privilege of an additional five years; the rental for the additional period to be mutually agreed upon by the parties. Two copies of the lease were signed by the appellant and his wife and acknowledged and forwarded to the appellee. The appellee, by its district manager, signed and acknowledged one copy of the lease and returned it to the appellant with the following letter:

"With further reference to my letter of April 17th and to our conversation of May 10th, we have executed one copy of the lease of the building which we are using in Oakland City as a division office and while we would desire to make the term of this lease for ten years, we

note that you have included a five-year renewal, all of which we will construe as a continuation after present five years expires."

The appellee occupied the building for five years and paid the rental, and at the expiration of the term vacated and delivered possession.

The appellant filed his complaint, setting out all of the above facts, and alleged that when the defendant executed the lease it made a conditional delivery to the plaintiff, and "at the time of such conditional delivery notified the plaintiff of its election to exercise said option, which conditional delivery, modification and notice of election to exercise said option, is in the words and figures following * * *," after which is set out the letter above quoted. The demand was for five years' rental. A demurrer to the complaint was sustained. The plaintiff refused to plead further and there was judgment.

Error is assigned upon the ruling on the demurrer.

We are unable to find in the letter any language which would support the conclusion that the lessee had attached any condition to the execution and delivery of the lease, or any language which can be reasonably construed as an election to exercise the option for an additional five-year period at the expiration of the first five-year term. It is obvious that the lessee desired a ten-year lease at the annual rental agreed upon for the first five-year term, and that the lessor was refusing to make such a lease. The lessor is here contending that just such a lease was made. If the position of the parties were reversed, and the appellee was insisting upon holding the premises for an additional five years at the same rental, there could be no possible basis for holding that the lessor had agreed to the additional five-year term at the same rental.

The lease and the letter do not constitute a contract of rental for the additional five-year period. The demurrer was properly sustained.

Judgment affirmed.